**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RANDY A. MORGAN,

Plaintiff,

v.

CITY OF CHICAGO, DAVID WOODS, DONNA ROGERS, and TIMOTHY OLIVER,

Defendants.

Case No. 25-cv-12293

Judge Mary M. Rowland

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randy A. Morgan ("Plaintiff") brings this complaint seeking damages for the alleged violation of his due process, Fourth, Sixth, and Eighth Amendment rights, as applied to the States under the Fourteenth Amendment, and Illinois law. Before the Court is Defendants Donna Rogers, David Woods, Timothy Oliver (the "Officer Defendants") and the City of Chicago's (collectively "Defendants") motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' Motion to Dismiss [35] is granted.

**BACKGROUND**

The following factual allegations taken from the operative complaint and its exhibits [33] are accepted as true for the purpose of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Plaintiff's telling is as follows. On September 4, 2017, Plaintiff was involved in an altercation at a local mechanic's shop. [33] at ¶ 1. Upon arrival, he observed that the mechanic was engaged in a heated argument with an individual named Nwakanwa Ebelechukwu. *Id.* When Plaintiff asked if he could leave his car with the mechanic for repairs, Ebelechukwu told him to wait his turn, after which Plaintiff returned to his car and drove away. *Id.* On October 31, 2017, two Chicago Police Officers[1] arrested Plaintiff at his home without a warrant. *Id.* at ¶ 4. Plaintiff asked the officers whether they had probable cause to arrest him, they said that Plaintiff "would find out once [he got] to the police station." *Id.* Plaintiff ultimately learned that his arrest was based on a false report of the September 4 incident submitted by the Officer Defendants. *Id.* at ¶¶ 3, 5. Plaintiff was denied bail, indicted, and prosecuted for one count of aggravated battery under 720 ILCS 5/12-3.05(e)(1) and one count of aggravated discharge of a firearm under 720 ILCS 5/24-1.2(a)(2), despite procedural inconsistencies throughout the grand jury process and no physical evidence or any injured party. *Id.* at ¶¶ 6–8. After he was charged, Plaintiff was represented by counsel for the duration of the proceedings, but his counsel refused to follow Plaintiff's proposed litigation strategy, including by refusing to file a motion to quash and subpoenaing the Officer Defendants and Ebelechukwu's medical records. *Id.* at ¶¶ 10–11. As a result, Plaintiff was convicted on the aggravated discharge

[1] These officers are not named as Defendants in the instant case.

count,[2] despite no physical evidence, and was incarcerated for over six years. *Id.* at ¶¶ 12, 14. Plaintiff's incarceration caused extreme mental anguish and harm to his reputation. *Id.* at ¶¶ 13–14.

The exhibits attached to the operative complaint add additional color, and at times contradict, the allegations in the complaint. Where an exhibit contradicts the complaint, "the exhibit trumps the allegations." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998) (collecting cases). According to a redacted police report dated September 4, 2017, which Plaintiff alleges is false, on that date an individual, Ebelechukwu, was engaged in a verbal dispute with his mechanic when an acquaintance of the mechanic, later identified as Plaintiff, intervened. [33] at 7. Plaintiff left the scene for around ten minutes and then returned with a firearm, which he pointed at Ebelechukwu, stating "whatchu gonna do now." *Id.* Ebelechukwu later testified that Plaintiff hold him that he was going to "blow his brains out." *Id.* at ¶ 1. Plaintiff pulled the trigger, but the gun jammed, after which he fired another shot at the victim before fleeing the scene. *Id.* at 7. Ebelechukwu identified Plaintiff's vehicle and told the responding officers that he had seen Plaintiff at the same location on another occasion. *Id.* Ebelechukwu initially reported that he was not injured, but later that day discovered and was treated for a gunshot wound to his left foot. *Id.* The responding officers also identified a puncture hole in

---

[2] Plaintiff was acquitted of the aggravated battery charge.

Ebelechukwu's left sneaker, which was inventoried as evidence. *Id.* Next, Plaintiff's warrantless arrest is reflected in the arrest report, which notes that he had been "positively identified by the victim as the person who shot him in the foot" on September 4, 2017. *Id.* at 9. The criminal complaint for preliminary examination filed after Plaintiff's arrest states that Plaintiff "committed the offense of aggravated battery with a firearm" by "knowingly and intentionally fir[ing] a semiautomatic handgun in the direction of Nwakanwa Ebelechukwu, striking him in the top of his left foot." *Id.* at 11. The complainant is noted as Ebelechukwu, but the signature appears to belong to a detective with the Chicago Police Department, which Plaintiff alleges renders it invalid. *Id.* On November 17, 2027, the grand jury returned an indictment for aggravated battery. *Id.* at 12. Plaintiff was convicted on November 5, 2018, and sentenced to eight years in prison. *See id.* at ¶ 14; *People v. Morgan*, 2020 WL 7711178, at *1 (Ill. App. Ct. Dec. 29, 2020).

Plaintiff appealed his state court conviction, arguing that the evidence did not establish beyond a reasonable doubt that he knowingly discharged a firearm in the direction of another. [35-1] at 2; *People v. Morgan*, 2020 WL 7711178, at *3.[3] The appellate court affirmed Plaintiff's conviction and found that "the evidence established beyond a reasonable doubt defendant knowingly discharged a firearm in the direction of another." 2020 WL 7711178, at *3. This evidence included:

---

[3] In support of their arguments both Plaintiff and Defendants raise Plaintiff's prior state and federal court dockets and opinions. The Court takes judicial notice of these records. *Doherty v. City of Chi.*, 75 F.3d 318, 324 n.4 (7th Cir. 1996); *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006); Fed. R. Evid. 201(c)(1).

Ebelechukwu's identification of Plaintiff; a photograph Ebelechukwu took of Plaintiff's car at the scene of the incident; Ebelechukwu's testimony that Plaintiff said he was going to "blow [Ebelechukwu's] brains out;" and the fact Ebelechukwu had been shot in the left foot on the day of this incident, as corroborated by stipulated testimony by Ebelechukwu's treating physician and the bloody shoe, which Ebelechukwu identified in court. *Id.* at *1–3. Plaintiff appealed without success and was released after six years, on August 14, 2024. [41] at 21.

Plaintiff initially brought a case in federal court stemming from this allegedly wrongful arrest and prosecution in 2018. At that point, the court stayed the action under *Younger v. Harris* and ordered Plaintiff to notify the court when his state criminal case concluded. [41] at 19; *Morgan v. Chi. Police Dep't*, No. 18-cv-339 (N.D. Ill. Apr. 23, 2018), Dkt. No. 11. In July 2020, the court ordered Plaintiff to submit a status report regarding his state court proceedings or risk dismissal. No. 18-cv-339, at Dkt. No. 28. The case was dismissed without prejudice when Plaintiff failed to do so. *Id.* at Dkt. No. 29. Four years later, in June 2024, Plaintiff moved for leave to amend, which was denied. *Id.* at Dkt. Nos. 35–36. The court twice instructed Plaintiff to file a new case if he wished to proceed with his claims. *Id.* at Dkt. Nos. 36, 39; *see also* [41] at 20.

Plaintiff then filed this case in the Circuit Court of Cook County, Illinois on August 20, 2025. [1-1]. Defendants removed the case to this court on October 8, 2025. [1]. The operative complaint contains the following federal constitutional

allegations:[4] (1) deprivation of liberty in violation of the Fourteenth Amendment's due process clause, Fourth Amendment claims for (2) false arrest, (3) malicious prosecution, and (4) wrongful conviction, and violations of (5) the Sixth Amendment right to counsel, and (6) the Eighth Amendment prohibition on cruel and unusual punishment. [33].[5] Plaintiff also brings the following state law claims: (1) false imprisonment; (2) intentional infliction of emotional distress ("IIED"); and (3) defamation.[6] Defendants now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [35].

## STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its

[4] This list does not correspond to numbered counts in the operative complaint. The Seventh Circuit has repeatedly acknowledged that a plaintiff's complaint need not set forth separate counts unless doing so would promote clarity. *E.g.*, *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992); *Landmark Document Servs., LLC v. Omega Litig. Sols., LLC*, 2006 WL 2861098, at *4 (N.D. Ill. Sept. 29, 2006); Fed. R. Civ. P. 10(b). While doing so is "helpful to give notice of the legal theories at issue," *Albright v. Starwood Retail Partners, LLC*, 2021 WL 463066, at *3 n.3 (N.D. Ill. Feb. 9, 2021), the operative complaint is concise and clearly cites the authority under which each claim is brought, so it is not necessary for Plaintiff to replead the allegations as distinct counts to enable the Court to rule on Defendants' motion.

[5] Although the operative complaint never references 42 U.S.C. § 1983, the Court construes Plaintiff's claims under the U.S. Constitution as brought pursuant to that statute. *See Prociuk v. Vill. of Schiller Park*, 2022 WL 16923427, at *3 n.3 (N.D. Ill. Nov. 14, 2022); *Adams v. O'Leary*, 659 F. Supp. 736, 738 (N.D. Ill. 1987). Plaintiff confirms that his constitutional claims fall under 42 U.S.C. § 1983 in his opposition brief. [41] at ¶ 7.

[6] The operative complaint pleads claims for libel and slander, but Plaintiff's opposition brief replaces these claims with a claim for "defamation of character." *See* [41] at 7. While a party ordinarily may not amend his complaint by raising new claims in opposition to a motion to dismiss, *Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 972 (N.D. Ill. 2008), these claims are treated identically under Illinois law so the change in nomenclature results in no substantive change. *See Sangston v. Ridge Country Club*, 35 F.3d 568 (table), at *5 (7th Cir. 1994) ("Illinois has abolished all distinctions between slander and libel and now applies the same rules to each.") (citation omitted); *Jenkins v. Fuchs*, 2018 WL 905507, at *2 (N.D. Ill. Feb. 15, 2018) ("slander and libel . . . under Illinois common law are now both evaluated as defamation claims.") (citation omitted).

face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court "need not accept as true statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The motion "should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 432 (7th Cir. 1993). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## ANALYSIS

Defendants argue Plaintiff has failed to state a claim for violations of the Fourth, Sixth, Eighth, and Fourteenth Amendments and state law, and his complaint must be dismissed. [35]. The Court addresses each argument in turn.

### I. Due Process & Fourth Amendment Claims

Plaintiff alleges the Officer Defendants violated his due process and Fourth Amendment rights by engaging in a warrantless arrest and malicious prosecution supported by fabricated evidence and forged documents, resulting in his wrongful conviction.[7] [33]. Defendants argue Plaintiff has not stated a claim for relief because these claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and in the alternative, there was probable cause to charge and prosecute Plaintiff for aggravated battery and discharge of a firearm. [35] at 7.

In *Heck*, the Supreme Court barred damages claims brought under § 1983 which "would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff has proved "that the conviction or sentence has been reversed on direct appeal, expunged . . . , declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. Therefore, "when a state prisoner seeks damages in a § 1983 suit, the district court

[7] Plaintiff names the City of Chicago as a defendant but does not level any claims against it. A municipality is not vicariously liable for an employee's alleged constitutional violation absent allegations of an express or unwritten policy, practice, or custom resulting in the violation of plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). As there are no such allegations contained in the operative complaint, the constitutional claims leveled against the City of Chicago are dismissed with prejudice.

must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." *Id.* at 487; *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Defendants argue that Morgan's due process and Fourth Amendment claims rest on the premise that his arrest, prosecution, and conviction were not supported by probable cause, and therefore constitute a collateral attack on his conviction. *Okoro*, 324 F.3d at 490. Plaintiff does not respond to this argument, resulting in waiver. *See* [41]; *Johnson v. Prentice*, 29 F.4th 895, 903 (7th Cir. 2022) ("Although we construe pro se filings liberally, pro se litigants are generally subject to the same waiver rules as those who are represented by counsel.") (citation omitted). Even if he had, Defendants are correct in several respects. A civil rights complainant cannot assert a due process violation unless the assertedly infirm proceeding has been vacated or set aside. *Edwards v. Balisok*, 520 U.S. 641, 644–47 (1997); *Piggie v. Gibbs*, 2008 WL 2316602, at *1 (S.D. Ind. June 4, 2008). The same goes for Plaintiff's Fourth Amendment claim for malicious prosecution because these claims also necessarily imply the invalidity of his conviction. *Humphrey v. Mathus*, 1999 WL 498710, at *1 (N.D. Ill. July 8, 1999) (citing *Heck*, 512 U.S. at 487).

On the other hand, *Heck* does not bar Plaintiff's Fourth Amendment claim for wrongful arrest. This claim "does not imply the invalidity of a conviction" because courts do not "suppress the body" of the accused. *Evans v. Poskon*, 603 F.3d 362, 363–64 (7th Cir. 2010) (citing *United States v. Alvarez-Machain*, 504 U.S. 655 (1992)); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Heck* and *Edwards* do not affect

litigation about what happens after the crime is completed."). However, this claim, as well as Plaintiff's Fourth Amendment claims foreclosed by *Heck*, is defeated by probable cause. *Muhammad v. Pearson*, 900 F.3d 898, 907 (7th Cir. 2018) (citation omitted); *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006) ("Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution.") (citation omitted); *see also Reynolds v. Menard, Inc.*, 850 N.E.2d 831, 837 (Ill. App. Ct. 2006) (probable cause defeats common law claims for false arrest and malicious prosecution). An officer has probable cause if "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense." *Carmichael v. Vill. of Palatine, Ill.*, 605 F.3d 451, 457 (7th Cir. 2010) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964))).

The operative complaint attaches a copy of an incident report supporting the conclusion that the Officer Defendants had probable cause to arrest Plaintiff for aggravated battery under 720 ILCS 5/12-3.05(e)(1) and aggravated discharge of a firearm under 720 ILCS 5/24-1.2(a)(2). To prove a claim under 20 ILCS 5/12-3.05(e)(1), the state must prove that the defendant knowingly discharged a firearm and caused injury to another person. To prove a claim under 720 ILCS 5/24-1.2(a)(2), the state must prove that the defendant knowingly or intentionally discharged a firearm in the direction of another person. The incident report states that Plaintiff "attempted to fire a shot from the handgun" which became "jammed" before firing

another shot toward Ebelechukwu, which hit his foot. [33] at 7. This is all the facts needed to warrant a prudent person to believe that Plaintiff had committed either offense. *Carmichael*, 605 F.3d at 457. Plaintiff pleads that the incident report was false, but fails to allege with particularity which statements in the incident report are false, or any other fact to support this theory. *Bilek*, 8 F.4th at 586 (the Court "need not accept as true statements of law or unsupported conclusory factual allegations"). Absent such allegations, Plaintiff has not stated a claim for false arrest.

Independent of *Heck*, Plaintiff's Fourth Amendment malicious prosecution claims also fail because Plaintiff does not allege that the Officer Defendants were involved in his prosecution in any way after his arrest. *See* [33]. While "a person can be liable for commencing or continuing a malicious prosecution even if that person does not ultimately wield prosecutorial power or actively deceive prosecutors," *Wilson v. Est. of Burge*, 667 F. Supp. 3d 785, 872 (N.D. Ill. 2023) (quoting *Beaman v. Freesmeyer*, 131 N.E.3d 488, 499 (Ill. 2019)), malicious prosecution claims against police officers are an anomaly actionable only where the officers' role includes initiating and pursuing a criminal prosecution, as opposed to merely effectuating and maintaining a seizure. *Albright v. Oliver*, 510 U.S. 266, 279 n.5 (1994); *Washington v. Summerville*, 127 F.3d 552, 559–60 (7th Cir. 1997). The officer must do more than report the crime or give testimony; they must play an active role in the prosecution. *Manganiello v. New York*, 612 F.3d 149, 163 (2d Cir. 2010); *Davis v. Temple*, 673 N.E.2d 737, 741 (Ill. App. Ct. 1996) (allegations that police officer caused charges to be filed against plaintiff and submitted allegedly false affidavit are an insufficient

basis to bring malicious prosecution claim). "Absent allegations that a police officer committed an improper act after [the arrest], the officer is not liable for malicious prosecution and, by extension, is not liable for a section 1983 claim based on malicious prosecution." *Sterling v. Kazmierczak*, 983 F. Supp. 1186, 1191 (N.D. Ill. 1997) (citing *Reed v. City of Chi.*, 77 F.3d 1049, 1053 (7th Cir. 1996)). Plaintiff does not allege that the Officer Defendants committed any improper act after the arrest or that they participated in his state court proceedings at all. [33].

Plaintiff's due process and Fourth Amendment claims are dismissed with prejudice.

## II. Remaining Federal Claims

Plaintiff brings a Sixth Amendment claim based on the ineffective assistance of his appointed counsel, who did not follow his proposed litigation strategy including filing a motion to quash and subpoenaing third party witnesses and documents. [33]. As Defendants argue, Plaintiff has failed to plead with any particularity how the Officer Defendants, two detectives and a police officer employed by the Chicago Police Department, allegedly interfered with Plaintiff's right to counsel. [35] at 9. Plaintiff does not address this argument, resulting in waiver.[8] [41]. Plaintiff's Sixth Amendment claim is dismissed with prejudice.

[8] The Court notes that in any event, trial counsel's failure to raise a motion to quash an illegal arrest does not fall below an objective standard of reasonableness and therefore does not per se constitute ineffective assistance of counsel under the Sixth Amendment. *United States v. Gilmore*, 914 F. Supp. 266, 269 (N.D. Ill. 1996) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986)); *United Sates v. Lane*, 811 F.2d 1166, 1170–71 (7th Cir. 1987); *People v. Bryant*, 128 Ill. 2d 448, 458–59 (1989)

Plaintiff also raises a claim under the Eighth Amendment for cruel and unusual punishment. The Eighth Amendment only applies to events which occur after a defendant has been convicted. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Eleveld v. Ill. Dep't of Children & Family Servs.*, 2026 WL 2389618, at *2 (N.D. Ill. Aug. 17, 2026) (citing *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010)). Because the complaint contains no allegations of events occurring after his conviction, such as Plaintiff's conditions of confinement, this claim is dismissed with prejudice.

## III. Remaining State Law Claims

Plaintiff asserts state law claims for defamation, IIED, and false imprisonment. Defendants argue that these claims are barred by the statute of limitations. [35] at 10. Plaintiff counters that: (1) he filed a different federal case in 2018 based on these allegations and that the court in that case stayed these claims until the conclusion of the state proceedings; and (2) the limitations period should be tolled for the duration of his incarceration, which ended on August 14, 2024. [41] at 5, 21.

A two-year statute of limitations generally applies to personal injury actions in Illinois, 735 ILCS 5/13-202, but Illinois local government entities and their employees are protected by a one-year statute of limitations for civil claims brought under state law. 745 ILCS 10/8-101. "While the two-year period still applies to § 1983

---

(the decision to file a motion to quash "is a matter of trial strategy" to which courts will almost always defer when considering a claim of ineffective assistance of counsel) (citations omitted).

claims against such defendants . . . the one-year period applies to state-law claims that are joined with a § 1983 claim."[9] *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (citations omitted). This includes personal injury actions brought against Chicago police officers. *Evans v. City of Chi.*, 434 F.3d 916, 919, 934 (7th Cir. 2006) (affirming dismissal of state law malicious prosecution and IIED claims against Chicago police officers in § 1983 case based on one-year statute of limitations), *overruled on other grounds*, *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013); *Am. Nat'l Bank & Tr. Co. of Chi. v. Town of Cicero*, 2001 WL 1631871, at *14–15 (N.D. Ill. Dec. 14, 2001). These claims accrue when the plaintiff has a complete cause of action, as in, when the plaintiff can file a suit and obtain relief. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted).

Plaintiff's defamation claim accrued with the publication of the allegedly false investigation report,[10] 735 ILCS 5/13-201; *Cui v. Elmhurst Police Dep't*, 2015 WL 2375252, at *9 (N.D. Ill. May 14, 2015); his IIED claim accrued on the date of arrest, *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013); and his false imprisonment claim accrued upon his release. *Hawks v. Gade*, 2018 WL 2193197, at *5 (N.D. Ill. May 14, 2018) ("Under Illinois law . . . claims for false imprisonment accrue at the time of release from the wrongful imprisonment.") (collecting cases). Plaintiff argues that his 2018 federal case stayed the limitations period for these claims until the state

---

[9] In Illinois, defamation claims are subject to a one-year statute of limitations period anyway. 735 ILCS 5/13-201.

[10] Plaintiff does not argue his claims are subject to fraudulent concealment, are continuing in nature, or fall under any other doctrine which would toll the limitations period.

proceedings concluded, as is the common practice in the Seventh Circuit. *See Castillo v. Zuniga*, 2002 WL 398519, at *6 (N.D. Ill. Mar. 14, 2002) (district courts are to stay cases under *Younger* for the pendency of the state court proceedings so that otherwise timely federal actions will not be unfairly barred by the statute of limitations). Plaintiff has this right. That court in the 2018 case did stay Plaintiff's claims.[11] No. 18-cv-339 (N.D. Ill. Sept. 11, 2020), Dkt. No. 29 (Dow, J.). However, when the case was dismissed in September 2020 following Plaintiff's failure to apprise the Court of the status of the state court proceedings, the limitations period for these claims continued to run. *Cage v. Lyons*, 2 F. App'x 569, 571 (7th Cir. 2001) (When "a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case.") (affirming dismissal of § 1983 case based on limitations period where case was previously dismissed by another judge due to plaintiff's failure to comply with a court order) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). Therefore, the limitations period for Plaintiff's defamation and IIED claims expired in September 2021. Even if they had not, and that court had in fact continued to stay Plaintiff's claims notwithstanding the dismissal, the state proceedings concluded, and the stay expired, with the disposition of Plaintiff's state court appeal in December

---

[11] Only Plaintiff's defamation and IIED claims had accrued at this point and were subject to the stay.

2020. Therefore, at the latest, the limitations period for Plaintiff's defamation and IIED claims expired in December 2021.

Plaintiff also argues that the limitations period for each of his state law claims should be tolled for the duration of his incarceration, which ended on August 14, 2024. This is only true for his common law false imprisonment claim, which did not accrue until he was released from custody. *Caudle v. DeKalb Cnty, Ill.*, 2020 WL 91973, at *2 (N.D. Ill. Jan. 8, 2020) (citing *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018)). Even so, Plaintiff filed this action in the state court on August 20, 2025, more than one year after his release. [1-1]. The case that Plaintiff cites to the contrary does not alter this analysis. Plaintiff's state law claims are dismissed with prejudice.

**CONCLUSION**

For the stated reasons, Defendants' Motion to Dismiss [35] is granted. Because Plaintiff is not able to plead facts that will correct the faults identified in this order, all counts are dismissed with prejudice. Plaintiff's motion to amend [41] which served as Plaintiff's response to the motion to dismiss is denied. Civil case terminated. Judgment to enter.

E N T E R:

Dated: November 5, 2026

Mary M Rowland

MARY M. ROWLAND
United States District Judge